IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY GENE BUCK, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-3039-L |
| ) | |
| CITY OF VENUS, ET AL., ) | |
|       Defendants. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    FACTUAL BACKGROUND**

Plaintiff alleges Defendants violated his civil rights under 42 U.S.C. § 1983. Defendants are the City of Venus, Texas; the City of Venus Police Department; and City of Venus Police Officers Terry Foster and P.W. Martin.

Plaintiff argues Officers Foster and Martin used excessive force against him when they arrested him on June 15, 2001. He states Officer Foster shot him during the arrest, in violation of his civil rights. He also claims Officers Foster and Martin lied to the grand jury that issued an indictment against Plaintiff. As a result of Plaintiff's arrest and indictment, he was convicted of burglary of a habitation with intent to commit assault. He states the City of Venus is responsible for its officers' actions. Plaintiff seeks money damages, declaratory and injunctive relief.

## II. DISCUSSION

### 1. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

### 2.     Statute of Limitations

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations.  *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years).  Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, Plaintiff states Officer Foster shot him during his arrest on June 15, 2001.

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**     Page 2

Plaintiff therefore became aware of his excessive force claim on that date. Plaintiff did not file this complaint until approximately eight years after the limitations period expired. This claim is therefore barred by the statute of limitations.

Plaintiff states his complaint is timely because he did learn until 2010 that he pled guilty only to burglary of habitation, but not to the intent to commit assault. He appears to argue that his excessive force claim was not available to him until he determined that he did not plead guilty to attempted assault. Plaintiff, however, has not shown that he did not plead guilty to attempted assault. He admits his conviction for burglary of habitation with the intent to commit assault has not been reversed or declared invalid by any state or federal court. (Magistrate Judge's Questionnaire at 2.) Plaintiff has therefore failed to show he is entitled to statutory or equitable tolling of the limitations period. Petitioner's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as barred by limitations.

Signed this 3rd day of February, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).